******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

STATE OF CONNECTICUT *v.*
DAVID S. BORNSTEIN
(AC 40991)

Alvord, Moll and Beach, Js.

*Syllabus*

The defendant, who had been charged with the crimes of violation of a civil
protection order and harassment in the second degree, appealed to this
court from the trial court's denial of his motion to dismiss the charges.
The charges stemmed from interactions the defendant had with a juve-
nile member of the softball team for which the defendant served as a
volunteer coach. The juvenile and her mother had obtained an ex parte
civil protection order against the defendant. At the hearing on the order,
however, the court denied the request for a civil protection order. On
the basis of the civil protection order hearing, the defendant moved to
dismiss the criminal charges on the ground of collateral estoppel. The
trial court denied the defendant's motion and the defendant appealed
to this court. On appeal, the defendant claimed that the facts had been
fully and fairly litigated in the civil protection order hearing and that
allowing the state to pursue criminal charges based on those same facts
implicated the right against double jeopardy. *Held* that this court lacked
jurisdiction over the defendant's interlocutory appeal from the denial
of a motion to dismiss; the defendant failed to put forth a colorable
claim of double jeopardy because the civil protection order hearing was
not a prosecution, which is brought only by only by public officials
representing the state, whereas a civil protection order pursuant to
statute (§ 46b-16a) may be sought by any person who has been the
victim of certain conduct and the language of § 46b-16a (e) provides
that a civil protection order proceeding does not preclude a criminal
prosecution based on the same facts.

Argued October 8, 2019—officially released March 10, 2020

*Procedural History*

Substitute information, in the first case, charging the
defendant with the crime of violation of a civil protec-
tion order, and substitute information, in the second
case, charging the defendant with the crimes of harass-
ment in the second degree and risk of injury to a child,
brought to the Superior Court in the judicial district of
New Britain, where the defendant moved to dismiss
the charges in both cases; thereafter, the court, *D'Ad-
dabbo, J.*, dismissed the charge of risk of injury to a
child but denied the defendant's motion to dismiss the
charges of harassment in the second degree and viola-
tion of a civil protection order, and the defendant
appealed to this court. *Appeal dismissed.*

*Matthew D. Dyer*, for the appellant (defendant).

*Ronald G. Weller*, senior assistant state's attorney,
with whom, on the brief, were *Brian Preleski*, state's
attorney, and *Louis J. Luba, Jr.*, senior assistant state's
attorney, for the appellee (state).

*Opinion*

BEACH, J. The defendant, David S. Bornstein, appeals from the denial of his motion to dismiss charges of harassment and violation of a civil protection order. The motion asserted that the state was collaterally estopped from pursuing the charges against him. The state argues that the defendant's appeal should be dismissed for lack of a final judgment or, in the alternative, denied on its merits. We agree with the state and dismiss the appeal.

The following background is relevant to this appeal. "The defendant was assisting the Newington High School girls softball team in the capacity of a volunteer coach. The juvenile complainant (juvenile) was a member of that team. In an effort to improve her softball playing skills and abilities, the defendant agreed to provide the juvenile with private coaching during August and September, 2015. In October, 2015, the juvenile's mother learned that the defendant had been personally e-mailing and texting the juvenile on a regular basis concerning issues that were about the juvenile's personal life. The mother of the juvenile believed that these text messages were inappropriate, coming from a man in his late sixties to a fifteen year old girl.

"The juvenile's mother brought these messages to the Newington High School girls softball team head coach, as well as the Newington High School athletic director. As a result of the messages, the defendant was relieved from his position with the Newington High School softball team and advised to stop all communication with the juvenile. The defendant was not arrested for this conduct, but was warned by the Newington police of possible arrest if the defendant initiated contact with the juvenile.

"The defendant had no contact with the juvenile from October, 2015 to sometime in March, 2016, when at a nonschool softball event, the defendant was seen near the juvenile's team dugout. Shortly after this contact, the defendant sent a text message to the juvenile.

"After this activity, the juvenile and her mother obtained an ex parte civil protection order on April 7, 2016. A hearing on the order was conducted on April 25 and May 3, 2016. The bas[es] of the request for the civil [protection] order [were] messages that occurred in October of 2015, the defendant's attendance at the site of the juvenile's softball game in March of 2016, and a cell phone call to the juvenile on April 22, 2016. At the conclusion of this hearing, the court . . . denied the request for a civil [protection] order. It is this hearing which serves as the basis of the defendant's claim of collateral estoppel."[1]

"On October 20, 2016, the defendant was arrested for harassment in the second degree for his conduct with the juvenile in October, 2015 [in violation of General

Statutes § 53a-183].”[2]   In Docket No. H15N-CR16-0285241-S, he was charged with harassment in the second degree in violation of General Statutes § 53a-183 (a) (2) and risk of injury to a child in violation of General Statutes § 53-21 (a) (1).

The defendant moved to dismiss the charges in both dockets, on the ground that the state was collaterally estopped from pursuing them.[3] He contended that the relevant factual allegations previously had been the subject of a full evidentiary hearing regarding the civil protection order in April and May, 2016; therefore, according to the defendant, the state was precluded from pursuing those allegations a second time because the facts already had been fully and fairly litigated and the parties were in privity with each other.

The court, *D'Addabbo, J.*, denied the motion, holding that, although "the facts presented at the civil [protection] order hearing and at a criminal trial may be similar . . . the issues presented are quite different." The court noted that the standards of proof are different in each proceeding, and the issue of "whether the elements of the crimes of harassment in the second degree and violation of a [protection] order have been . . . proven" was not determined in the civil proceeding. The court concluded that the state's interest was different from that of the proponents of the protection order; therefore, "the [defendant] cannot establish the privity of the parties, which is essential to the application of collateral estoppel." Accordingly, the court declined to dismiss the charges against the defendant on the basis of collateral estoppel. This appeal followed.

The threshold issue is whether we have jurisdiction over this interlocutory appeal from the denial of a motion to dismiss. "The lack of a final judgment implicates the subject matter jurisdiction of an appellate court to hear an appeal. A determination regarding . . . subject matter jurisdiction is a question of law. . . . The jurisdiction of the appellate courts is restricted to appeals from judgments that are final. General Statutes §§ 51-197a and 52-263; Practice Book § [61-1] . . . . The policy concerns underlying the final judgment rule are to discourage piecemeal appeals and to facilitate the speedy and orderly disposition of cases at the trial court level. . . . The appellate courts have a duty to dismiss, even on [their] own initiative, any appeal that [they lack] jurisdiction to hear." (Internal quotation marks omitted.) *State* v. *Thomas*, 106 Conn. App. 160, 165–66, 941 A.2d 394, cert. denied, 287 Conn. 910, 950 A.2d 1286 (2008).

"[W]e have stated, however, [that] [t]here is a small class of cases that meets the test of being effectively unreviewable on appeal from a final judgment and, therefore, is subject to interlocutory review. The paradigmatic case in this group involves the right against double jeopardy." (Internal quotation marks omitted.)

*State* v. *Crawford*, 257 Conn. 769, 775, 778 A.2d 947 (2001), cert. denied, 534 U.S. 1138, 122 S. Ct. 1086, 151 L. Ed. 2d 985 (2002).

"The double jeopardy clause of the fifth amendment to the United States constitution provides: [N]or shall any person be subject for the same offense to be twice put in jeopardy of life or limb . . . . The double jeopardy clause is applicable to the states through the due process clause of the fourteenth amendment. . . . Although the Connecticut constitution has no specific double jeopardy provision, we have held that the due process guarantees of article first, § 9, include protection against double jeopardy." (Citations omitted; internal quotation marks omitted.) Id., 774. "[The] guarantee has been said to consist of three separate constitutional protections. It protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense [in a single trial]." (Footnotes omitted.) *North Carolina* v. *Pearce*, 395 U.S. 711, 717, 89 S. Ct. 2072, 23 L. Ed. 2d 656 (1969), overruled on other grounds by *Alabama* v. *Smith*, 490 U.S. 794, 109 S. Ct. 2201, 104 L. Ed. 2d 865 (1989); see also *State* v. *Crawford*, supra, 257 Conn. 776.

Our Supreme Court in *State* v. *Curcio*, 191 Conn. 27, 463 A.2d 566 (1983), stated: "The appealable final judgment in a criminal case is ordinarily the imposition of a sentence. . . . In both criminal and civil cases, however, we have determined certain interlocutory orders and rulings of the Superior Court to be final judgments for the purposes of appeal. An . . . interlocutory order is appealable in two circumstances: (1) where the order or action terminates a separate and distinct proceeding, or (2) where the order or action so concludes the rights of the parties that further proceedings cannot affect them." (Citation omitted; internal quotation marks omitted.) Id., 31.

"*Curcio* attempted to clarify the murky, amorphous area that lies between those appeals that are final judgments for purposes of interlocutory appellate review and those that are not by providing a rule to test the difference. Since *Curcio*, a number of cases have tested which side of the gray area the claimed right to interlocutory appellate review falls." (Internal quotation marks omitted.) *State* v. *Thomas*, supra, 106 Conn. App. 167.

One such class of cases that is effectively unreviewable on appeal from a final judgment and, therefore, is amenable to interlocutory review, involves the right against double jeopardy. Id. "Because jeopardy attaches at the commencement of trial, to be vindicated at all, a colorable double jeopardy claim must be addressed by way of interlocutory review. The right not to be tried necessarily falls into the category of rights that can be enjoyed only if vindicated prior to trial, and, conse-

quently, falls within the second prong of [*Curcio*]." (Internal quotation marks omitted.) Id. "Thus . . . an interlocutory appeal is permitted [on the basis of double jeopardy] only when the defendant asserts a colorable double jeopardy claim and has raised that claim by a motion to dismiss." Id., 168. "For a claim to be colorable, the defendant need not convince the trial court that he necessarily will prevail; he must demonstrate simply that he might prevail." (Emphasis omitted; internal quotation marks omitted.) *State* v. *Crawford*, supra, 257 Conn. 776.

In the present case, the defendant contends that the facts found in the civil protection order proceeding were identical to those necessary to determine whether the defendant is guilty of harassment; therefore, the state is collaterally estopped from pursuing the criminal charges. The defendant further argues that the civil protection order was punitive in nature and the right against double jeopardy is implicated, such that the second factor of *Curcio* is satisfied and this court has jurisdiction to decide the interlocutory appeal. We are not persuaded and hold that the defendant's double jeopardy claim is not colorable because the first action was not a prosecution.

In *State* v. *Crawford*, supra, 257 Conn. 776, our Supreme Court stated that the first two variations of the right against double jeopardy, protecting against prosecution for the same offense after acquittal and after conviction, "may be regarded as constituting . . . [protection against] 'successive prosecution[s].' " "The third prong, which is analytically different from the first two, involves multiple punishments for the same offense in a single prosecution." Id., 777. The court explained: "The rationale for the rule permitting a criminal defendant to file an interlocutory appeal from the denial of a motion to dismiss on double jeopardy grounds is based on the first two prongs of the double jeopardy protection—protections against successive prosecutions for the same offense, namely, (1) a subsequent prosecution after a prior acquittal, and (2) a subsequent prosecution after a prior conviction." Id. The court concluded that an interlocutory appeal is allowed from the denial of a motion to dismiss "to give meaning to the successive prosecution part of the protection against double jeopardy . . . so long as that motion presents a colorable double jeopardy claim." Id. Accordingly, for this court to have jurisdiction on this basis, the defendant must present a colorable successive prosecution claim.

The defendant claims that, because the court in the civil proceeding was not persuaded that the defendant had the requisite intent for the purpose of that proceeding, and found that he was not likely to offend again, a subsequent criminal proceeding based on the same underlying conduct was barred as a successive prose-

cution.

We are not persuaded by the defendant's argument. The prior civil proceeding was not a prosecution. Our Supreme Court has defined prosecution as "[a] criminal proceeding in which an accused person is tried . . . ." *McCoy* v. *Commissioner of Public Safety*, 300 Conn. 144, 153, 12 A.3d 948 (2011) (citing Black's Law Dictionary (9th Ed. 2009) p. 1341); see also *State* v. *Kluttz*, 9 Conn. App. 686, 718, 521 A.2d 178 (1987) ("in the context of a criminal prosecution, by definition, the accused is always charged with the 'violation of a law' "). Criminal prosecutions are brought by district attorneys, "public official[s] appointed or elected to represent the state in criminal cases in a particular judicial district; prosecutor[s]." Black's Law Dictionary (11th Ed. 2019) p. 598. Conversely, a civil protection order pursuant to General Statutes § 46b-16a (a)[4] may be sought by *any* person "who has been the victim of sexual abuse, sexual assault or stalking."[5] The state is simply not involved in the application for a civil protection order.

Finally, § 46b-16a (e) provides that "[a]n action under this section shall not preclude the applicant from subsequently seeking any other civil or criminal relief based on the same facts and circumstances." It is clear from the language of this subsection that the legislature intended a civil protection order proceeding not to preclude a criminal prosecution based on the same facts, and, as noted previously, Judge Shortall expressly and appropriately observed that his ruling would have no effect on potential future proceedings.[6] See footnote 1 of this opinion.

We conclude that the defendant has not asserted a colorable claim of double jeopardy and, therefore, we lack jurisdiction over the appeal.

The appeal is dismissed.

In this opinion the other judges concurred.

---

[1] In denying the application for the civil protection order, Judge Shortall concluded that the defendant had not "knowingly violated the stalking statute [General Statutes § 53a-181d]," and that the evidence did not support the need for an order to prevent him from committing acts that might violate the stalking statute in the future. The court expressly cautioned that its decision was "not meant to express the [c]ourt's opinion on any other proceedings or official actions that may arise or may have arisen out of these events."

[2] On April 29, 2016, the defendant was charged in Docket No. H15N-CR16-0283065-S with violation of a civil protection order in violation of General Statutes § 53a-223c. This charge arose from the April 22, 2016 cell phone call, which occurred while the ex parte civil protection order was in effect.

[3] The defendant also sought to dismiss the charges in Docket No. H15N-CR16-0285241-S on different grounds. The trial court granted that motion to dismiss as to the risk of injury count. No issue regarding the dismissal of that count is before us. The counts before us are harassment in the second degree in Docket No. H15N-CR16-0285241-S and the violation of a civil protection order in Docket No. H15N-CR16-0283065-S.

[4] General Statutes § 46b-16a (a) provides: "Any person who has been the

victim of sexual abuse, sexual assault or stalking may make an application to the Superior Court for relief under this section, provided such person has not obtained any other court order of protection arising out of such abuse, assault or stalking and does not qualify to seek relief under section 46b-15. As used in this section, 'stalking' means two or more wilful acts, performed in a threatening, predatory or disturbing manner of: Harassing, following, lying in wait for, surveilling, monitoring or sending unwanted gifts or messages to another person directly, indirectly or through a third person, by any method, device or other means, that causes such person to reasonably fear for his or her physical safety."

[5] No court, to our knowledge, has considered a prior civil hearing on a protection order to be a prosecution for double jeopardy purposes. Rather, the consensus of authority supports the proposition that the purpose of a civil protection order is remedial. See *State* v. *Manista*, 651 A.2d 781, 784 (Del. Fam. 1994) (protection order act "is not targeted at punishing the wrongdoer; rather, its purpose is to help protect the victim against further acts of violence or abuse"); *People* v. *Wouk*, 317 Il. App. 3d 33, 40–41, 739 N.E.2d 64 (2000) ("focus of an order-of-protection proceeding is the immediate protection of abused family or household members, not the guilt of the accused and the more general protection of society"); *State* v. *Brown*, 394 N.J. Super. 492, 504, 927 A.2d 569 (App. Div. 2007) (protection order act "designed to protect an individual victim, [which] is quite different than a criminal case in which the [s]tate prosecutes a defendant on behalf of the public interest"); see also *State* v. *Alexander*, 269 Conn. 107, 120, 847 A.2d 970 (2004) (restraining order not punitive for purposes of double jeopardy).

[6] We also note that a prior administrative order ordinarily does not bar a subsequent criminal proceeding on the same facts. See, e.g., *State* v. *Tuchman*, 242 Conn. 345, 362, 699 A.2d 952 (1997) (prosecution on larceny charge not barred after sanctions had been imposed in administrative proceeding before administrative agency), cert. dismissed, 522 U.S. 1101, 118 S. Ct. 907, 139 L. Ed. 2d 922 (1998); *State* v. *Santiago*, 240 Conn. 97, 101, 689 A.2d 1108 (1997) (prosecution on weapons charge does not give rise to double jeopardy clause violation after administrative discipline by prison officials); *State* v. *Hickam*, 235 Conn. 614, 628, 668 A.2d 1321 (1995) (prosecution for driving while under influence was not barred after suspension of driver's license in administrative proceeding), cert. denied, 517 U.S. 1221, 116 S. Ct. 1851, 134 L. Ed. 2d 951 (1996); *State* v. *Fritz*, 204 Conn. 156, 171-77, 527 A.2d 1157 (1987) (prosecution for illegally prescribing narcotic substance was not barred after administrative proceeding before consumer protection department).