******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

DAVID MARKATOS ET AL. *v.* ZONING BOARD
OF APPEALS OF THE TOWN
OF NEW CANAAN
(SC 20682)

Robinson, C. J., and D'Auria, Mullins,
Ecker and Alexander, Js.

*Syllabus*

The proposed intervenors appealed from the trial court's denial of their motion to intervene in the plaintiffs' administrative appeal. The New Canann Planning and Zoning Commission had amended an existing special permit relating to certain residentially zoned property owned by G Co., allowing the operation of a philanthropic or eleemosynary institution subject to certain specifically enumerated conditions. Condition six prohibited any material change in the approved use or intensification of any use, unless specifically authorized. Condition thirty permitted a former dwelling on the property to be used as an operations center. Subsequently, G Co. obtained a zoning permit authorizing the creation of new offices within the operations center. The plaintiffs appealed from the issuance of the zoning permit to the named defendant, the Zoning Board of Appeals of the Town of New Canaan, claiming that the creation of the new offices violated conditions six and thirty of the amended special permit. The board denied the appeal, and the plaintiffs then filed an administrative appeal in the trial court. Thereafter, the proposed intervenors, who owned land abutting G Co.'s property, filed a motion to intervene in the plaintiffs' administrative appeal but later withdrew it. Following a hearing in the administrative appeal, the trial court concluded that the board could not have properly assessed the validity of the zoning permit because it had not made a finding as to whether the construction and resulting increase in office space and employees constituted an improper intensification, change in use, or both. The trial court further concluded that the commission, rather than the board, was the appropriate body to clarify the language related to the intensification of uses in condition six of the amended special permit, and, accordingly, the court remanded the matter to the board for consultation with the commission. Pursuant to the trial court's remand order, the board held a meeting and formulated a list of questions to be referred to the commission. More than one week after that meeting, the proposed intervenors filed a second motion to intervene. The trial court denied the motion, concluding, inter alia, that it was untimely. The proposed intervenors' appealed from the trial court's denial of their motion to intervene.

*Held* that the trial court did not abuse its discretion in concluding that the proposed intervenors' motion to intervene as of right was untimely:

The plaintiffs' administrative appeal was commenced in November, 2019, the proposed intervenors became aware of that appeal almost immediately thereafter, the trial court issued its memorandum of decision in May, 2021, more than one year after briefing and argument from the parties, the proposed intervenors waited an additional month to seek intervention a second time, and, by that point, the board had already begun its proceedings on remand.

Contrary to the proposed intervenors' contention that the timeliness of their motion to intervene should have been measured from the commencement of the proceedings on remand insofar as their legal interests were first implicated at that time, the proposed intervenors, as statutorily aggrieved abutters, had a legal interest in the plaintiffs' administrative appeal from its inception, regardless of the level of importance they subjectively attached to it, and, although the trial court could have afforded greater weight to the proposed intervenors' increasing concerns concerning the precedential impact of the administrative appeal when it decided their motion to intervene, this court saw no reason to conclude that it was required to do so as a matter of law.

Moreover, this court declined the proposed intervenors' invitation to assess additional issues that might arise in the future, as the proposed intervenors pointed to no evidence that they had formally requested, much less had been denied, the opportunity to participate in the proceedings on remand, such issues could afford the proposed intervenors reasonable grounds to renew their motion to intervene in the trial court or to pursue other avenues of relief, and principles of appellate jurisdiction counseled against consideration of those issues in the present appeal.

Argued December 19, 2022—officially released February 28, 2023

*Procedural History*

Appeal from the decision of the named defendant upholding the decision of the town zoning enforcement officer to issue a zoning permit for the renovation of certain property as office space, brought to the Superior Court in the judicial district of Stamford-Norwalk and transferred to the judicial district of Hartford, Land Use Litigation Docket, where the court, *Hon. Marshall K. Berger, Jr.*, judge trial referee, granted the motion to intervene as a defendant filed by Grace Farms Foundation, Inc.; thereafter, the case was tried to the court, *Hon. Marshall K. Berger, Jr.*, judge trial referee, issued an order remanding the case to the named defendant for further proceedings and denied the motion to intervene filed by Timothy J. Curt et al., and the proposed intervenors, on the granting of certification, appealed. *Affirmed.*

*David F. Sherwood*, for the appellants (proposed intervenors).

*Amy E. Souchuns*, for the appellees (plaintiffs).

*Brian R. Smith*, with whom was *Diana E. Neeves*, for the appellee (intervening defendant Grace Farms Foundation, Inc.).

*Opinion*

PER CURIAM. The issue presented by this appeal is whether the trial court abused its discretion in concluding that a motion to intervene was untimely. The plaintiffs, David Markatos and Jennifer Holme, appealed to the trial court from a decision of the named defendant, the Zoning Board of Appeals of the Town of New Canaan (board), upholding the issuance of a zoning permit to the intervening defendant, Grace Farms Foundation, Inc. (Grace Farms). The proposed intervenors, Timothy J. Curt and Dona M. Bissonnette, sought intervention nearly nineteen months later. The trial court, noting that it had already issued a decision remanding the case to the board for further proceedings, denied their motion to intervene as untimely. The proposed intervenors now appeal from that decision. For the reasons that follow, we reject the proposed intervenors' claim of error and affirm the trial court's denial of the motion to intervene.

The following undisputed facts and procedural history are relevant to our resolution of this appeal. Grace Farms owns a residentially zoned parcel of real property located at 365 Lukes Wood Road in New Canaan. In 2017, the New Canaan Planning and Zoning Commission (commission) amended an existing special permit relating to that property, allowing, among other things, the operation of a "[p]hilanthropic or [e]leemosynary [i]nstitution" subject to certain specifically enumerated conditions. Condition six of the amended special permit (2017 special permit) provided, generally, that "[t]here shall be no material change of the approved use or intensification of any use unless specifically authorized herein." Condition thirty related to the use of a single structure: "The former dwelling on the site located at the main entrance is hereby approved to house the [o]perations [c]enter for security and other administrative operations for the property . . . . The building shall not otherwise be rented for dwelling or commercial purposes."

On April 4, 2018, Grace Farms received a zoning permit for certain interior improvements at the operations center. The project plan proposed finishing space inside of an attached garage, creating individual offices by adding several interior partitions and a new office on the second floor. A building permit was subsequently issued, and work on the project commenced. On June 19, 2019, the New Canaan Building Department conducted a final inspection and issued a certificate of occupancy.

On July 5, 2019, the plaintiffs filed a request for documents related to the renovation of the operations center pursuant to the Freedom of Information Act, General Statutes § 1-200 et seq.[1] On July 24, 2019, the plaintiffs appealed from the issuance of the zoning permit to the board, claiming that creation of new offices within the operations center violated conditions six and thirty of the 2017 special permit. The board, after holding a public

hearing over the course of two separate dates, voted to deny the plaintiffs' appeal.

On November 19, 2019, the plaintiffs commenced this administrative appeal, which was subsequently transferred to the Land Use Litigation Docket in the judicial district of Hartford. See General Statutes § 51-347b (a). On December 10, 2019, the proposed intervenors filed their first motion to intervene. Three days later, they filed a motion requesting transfer of the appeal to the Complex Litigation Docket. Before the trial court could rule on either motion, however, the proposed intervenors withdrew their motion to intervene. The trial court ultimately granted Grace Farms, as the owner of the property and holder of the zoning permit, permission to intervene as a party defendant. The trial court subsequently received briefs from the parties on the legal issues presented. On January 22, 2021, the parties filed a stipulation of facts and presented oral argument to the trial court.

The trial court issued a memorandum of decision on May 10, 2021. After reviewing the record before it, the trial court concluded that, "[i]n light of the extensive conditions of the 2017 special permit, [the board] was required [to determine] whether the construction and the resulting increase of employees and offices constitute[d] improper intensification or change of use or both." The trial court's review of the record revealed that, although a few board members had expressed individual views relating to this issue, the board itself had made no finding on the issue.[2] The trial court went on to conclude that the board could not have properly assessed the validity of the zoning permit without first resolving that threshold issue.

The trial court ultimately concluded that, from a policy perspective, the commission—and not the board— was the appropriate body to further clarify the language related to the intensification of uses contained in condition six of the 2017 special permit. The trial court found that an "[inquiry to] the commission on the purpose and meaning of [that condition] and the other related conditions will appropriately resolve the main issue of the appeal in a far more meaningful manner than a decision in a vacuum by [the] court" and, accordingly, remanded the case to the board pursuant to General Statutes § 8-8 (*l*) "for consultation with the commission . . . ."[3]

Pursuant to the trial court's remand order, the board held a meeting on June 7, 2021, and formulated a list of seven questions to be referred to the commission. Most of those questions concerned either the operations center specifically or the interpretation of the sixth condition of the 2017 special permit more broadly.[4]

More than one week after the board's meeting, the proposed intervenors filed a second motion to intervene

with the trial court. After hearing argument on the motion, the trial court denied it, concluding, among other things, that it was untimely.[5] The Appellate Court subsequently granted the proposed intervenors' petition for certification to appeal from the trial court's denial of their motion, and we transferred the appeal that followed to this court.[6] See General Statutes § 51-199 (c); Practice Book § 65-1.

"[A] party seeking to intervene in a matter as of right must satisfy a four part test: (1) [t]he motion to intervene must be timely; (2) the proposed intervenor must have a direct and substantial interest in the subject matter of the litigation; (3) the proposed intervenor's interest must be impaired by disposition of the litigation without the [proposed intervenor's] involvement; and (4) the proposed intervenor's interest must not be represented adequately by any other party to the litigation." (Internal quotation marks omitted.) *Austin-Casares* v. *Safeco Ins. Co. of America*, 310 Conn. 640, 648, 81 A.3d 200 (2013).

"Whether a motion to intervene is timely involves a determination of how long the intervenor was aware of an interest before he or she tried to intervene, any prejudicial effect of intervention on the existing parties, any prejudicial effect of a denial on the [intervenor] and consideration of any unusual circumstances either for or against timeliness. . . . Factors to consider also include the nature of the interest and the purpose for which the intervenor is seeking to be brought into the action." (Internal quotation marks omitted.) Id., 649. "Although there are no absolute ways to measure timeliness . . . [a]s a case progresses toward its ultimate conclusion, the scrutiny attached to a request for intervention necessarily intensifies." (Citation omitted; internal quotation marks omitted.) *BNY Western Trust* v. *Roman*, 295 Conn. 194, 209, 990 A.2d 853 (2010).

It is well established that "[the timeliness of intervention] is to be determined by the [trial] court in the exercise of its sound discretion; unless that discretion is abused, the court's ruling will not be disturbed on review." (Internal quotation marks omitted.) *Austin-Casares* v. *Safeco Ins. Co. of America*, supra, 310 Conn. 651. "In general, abuse of discretion exists when a court could have chosen different alternatives but has decided the matter so arbitrarily as to vitiate logic, or has decided it based on improper or irrelevant factors." (Internal quotation marks omitted.) *Hurley* v. *Heart Physicians, P.C.*, 298 Conn. 371, 392, 3 A.3d 892 (2010); see also *Standard Petroleum Co.* v. *Faugno Acquisition, LLC*, 330 Conn. 40, 51, 191 A.3d 147 (2018) ("[t]his standard means that the [trial] court is empowered to make a decision—of *its* choosing—that falls within a range of permissible decisions" (emphasis in original; internal quotation marks omitted)).

As noted previously, this administrative appeal was

commenced on November 19, 2019. The proposed intervenors became aware of this proceeding almost immediately thereafter. The trial court did not issue its decision until May 10, 2021, after more than one year of briefing and argument from the parties. The proposed intervenors waited an additional month to seek intervention for a second time. By that point, the board had already begun its proceedings on remand. Considering these facts, and the entire record now before us, we are unable to conclude that the trial court abused its discretion in finding that the motion to intervene as of right was untimely.[7]

The proposed intervenors contend that the timeliness of their motion could only have reasonably been measured from the commencement of proceedings on remand. In support of this position, the proposed intervenors argue that their legal interests were first implicated during the board's meeting on June 7, 2021. We disagree. The proposed intervenors reviewed the pleadings in the administrative appeal shortly after it was filed. Any such review would have shown that resolution of this dispute would require, at the very least, a detailed consideration of various special conditions relating to the intensification and alteration of uses on Grace Farms' property. Certainly, as statutorily aggrieved abutters, the proposed intervenors had a legal interest in this proceeding from its inception, regardless of the level of importance they subjectively attached to it. Put another way, the fact that the proposed intervenors may have initially decided not to participate in this administrative appeal does nothing to change the fact that the legal interests of all abutters were at issue well before the commencement of the proceedings on remand.[8] Although the trial court undoubtedly *could* have attached greater weight to the proposed intervenors' increasing concerns about the precedential impact of this case when ruling on their motion to intervene, we see no reason to conclude that it was required to do so as a matter of law.[9]

Finally, because the record of the administrative remand remains incomplete, we decline the proposed intervenors' invitation to assess additional issues that might, hypothetically, arise in the future. The proposed intervenors point to no evidence that they have formally requested, much less have been denied, the opportunity to participate in proceedings on remand.[10] The extent to which further administrative proceedings will entangle or impact factually distinct disputes likewise remains unclear. These collateral issues, if and when they arise, may well afford the proposed intervenors reasonable grounds to renew their motion to intervene before the trial court or, perhaps, to pursue other means of relief. Principles of appellate jurisdiction, however, counsel against consideration of these issues at the present time.[11]

The trial court's denial of the motion to intervene

is affirmed.

[1] The record indicates that Grace Farms did not publish notice of the zoning permit, building permit, or certificate of occupancy.

[2] The trial court cited *West Hartford Interfaith Coalition, Inc.* v. *Town Council*, 228 Conn. 498, 514, 636 A.2d 1342 (1994), for the proposition that "individual reasons given by certain members of the commission [do] not amount to a formal, collective, official statement of the commission . . . and are not available to show the reason[s] for, or the ground[s] of, the [commission's] decision." (Citation omitted; internal quotation marks omitted.)

[3] The trial court outlined the proceedings to be expected on remand as follows: "It is anticipated that the issue will be referred to the commission, which will address the question of the application of the conditions of the 2017 special permit and return the matter to the board for further consideration in light of the commission's determinations." We note that the structure of this remand order is not at issue in the present appeal. See footnote 9 of this opinion.

[4] Some of the questions initially formulated by the board on remand reference certain proposed renovations to structures other than the operations center. However, the record is unclear as to whether those questions will be answered by the commission, what action the board will take in response to the commission's positions, or what impact—if any—discussion of such ancillary topics on remand will have on future proceedings before the trial court.

[5] The trial court also concluded that the proposed intervenors' interests were adequately represented by other participants in the proceeding. Because we conclude that the trial court did not abuse its discretion in finding that the proposed intervenors' motion was untimely, we need not consider this issue.

[6] We disagree with Grace Farms' claim that the trial court's denial of the motion to intervene does not constitute a final judgment for the purposes of appeal. In our view, the procedural and substantive concerns attendant to the trial court's remand order support a colorable claim to intervention as of right. See, e.g., *In re Santiago G.*, 325 Conn. 221, 231, 157 A.3d 60 (2017) ("[T]he dispositive inquiry into whether the denial of a motion to intervene is an appealable, final judgment is whether the [proposed] intervenor can make a colorable claim to intervention as a matter of right. A colorable claim is one that is superficially well founded but that may ultimately be deemed invalid . . . . For a claim to be colorable, the [proposed intervenor] need not convince the trial court that he necessarily will prevail; he must demonstrate simply that he might prevail." (Citation omitted; emphasis omitted; internal quotation marks omitted.)).

[7] The proposed intervenors' claim for permissive intervention fails on the same ground. See, e.g., *Austin-Casares* v. *Safeco Ins. Co. of America*, supra, 310 Conn. 650 ("[w]hether intervention [is] claimed [to be] of right or as permissive . . . the [motion to intervene] must be timely" (internal quotation marks omitted)); see also *Hudson Valley Bank* v. *Kissel*, 303 Conn. 614, 621, 35 A.3d 260 (2012) ("[A]n untimely motion for intervention of right is not transformed automatically thereby into a motion for permissive intervention. The right to intervene is lost, not merely weakened, if it is not exercised in a timely fashion." (Internal quotation marks omitted.)).

[8] We take judicial notice of no fewer than seven separate civil actions related to activities on 365 Lukes Wood Road involving the parties to the present appeal. See, e.g., *Curt* v. *Planning & Zoning Commission*, Superior Court, judicial district of Hartford, Docket No. CV-21-6145056-S; *Curt* v. *Planning & Zoning Commission*, Superior Court, judicial district of Hartford, Docket No. CV-21-6145055-S; *Markatos* v. *Planning & Zoning Commission*, Superior Court, judicial district of Hartford, Docket No. CV-21-6145053-S; *Markatos* v. *Planning & Zoning Commission*, Superior Court, judicial district of Hartford, Docket No. CV-21-6145052-S; *Markatos* v. *Planning & Zoning Commission*, Superior Court, judicial district of Hartford, Docket No. CV-20-6131201-S; *Markatos* v. *Zoning Board of Appeals*, Superior Court, judicial district of Hartford, Docket No. CV-20-6131200-S; *Curt* v. *Grace Farms Foundation, Inc.*, Superior Court, judicial district of Hartford, Docket No. CV-16-6069642-S. This lengthy history of litigation demonstrates not only that the proposed intervenors have had several other opportunities to vindicate their own legal interests as aggrieved abutters, but also that the trial court possessed an extensive familiarity with the facts and circumstances surrounding this particular matter.

[9] The structure of the trial court's remand order; see footnote 3 of this opinion; in no way alters this conclusion. Even if we were to agree with the proposed intervenors that ordering formal consultation between the

board and the commission in this particular context is unusual, or possibly even unprecedented, there are no direct claims of error related to the legality of such a procedure presently before this court. As a result, we decline to express any opinion as to the structure of the trial court's remand order in the context of this appeal.

[10] Although the transcript of the argument before the trial court suggests that Grace Farms would likely object to the proposed intervenors' participation in any such administrative proceeding, the record is unclear as to how either the board or the commission would handle such a procedural disagreement.

[11] See, e.g., *Piquet* v. *Chester*, 306 Conn. 173, 180, 49 A.3d 977 (2012) ("exhaustion of remedies serves dual functions: it protects the courts from becoming unnecessarily burdened with administrative appeals and it ensures the integrity of the agency's role in administering its statutory responsibilities" (internal quotation marks omitted)); *Milford Power Co., LLC* v. *Alstom Power, Inc.*, 263 Conn. 616, 626, 822 A.2d 196 (2003) ("the rationale of the ripeness requirement [is] to prevent courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements . . . [the court] must be satisfied that the case before [it] does not present a hypothetical injury or a claim contingent [on] some event that has not and indeed may never transpire" (citation omitted; internal quotation marks omitted)).